**JOHN K. PARK, ESQ. (SBN 175212)**
park@parklaw.com
**3255 Wilshire Blvd., Suite 1110**
**Los Angeles, California 90010**
**Telephone: (213) 389-3777**
**Facsimile: (213) 389-3377**

Attorneys for Plaintiff,
V.D. REALIZATION INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.D. REALIZATION INC., a California Corporation, /d/b/a/ VINTAGE POINT<br><br>Plaintiff<br><br>v.<br><br>A'GACI, LLC, a Texas Corporation; CEMI CERI CORP, a California Corporation; ANTIQUE BRUSH, Sole-Proprietorship; and DOES 1 through 10, inclusive,<br><br>    Defendants | CASE NO.:  2:16-CV-02520<br><br>COMPLAINT FOR:<br><br>COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

COMES NOW, plaintiff V.D. REALIZATION INC. ("Plaintiff") and complains of and alleges the following:

-1-

Case 2:16-cv-02520 Document 1 Filed 04/12/16 Page 2 of 14 Page ID #:2

## JURISDICTION AND VENUE

1. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq., seeking damages, attorneys' fees, injunctive relief, and other relief based upon claims related to the misappropriation of Plaintiff's intellectual property.

2. This Court has federal question jurisdiction under 28 U.S.C. §§1331, 1338(a).

3. The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. §1391(b), (c) and/or (d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

### The Plaintiff

5. Plaintiff is a corporation incorporated and existing under the laws of the State of California with its principal place of business in Los Angeles California, 90023.

-2-

## The Defendants

6. Plaintiff is informed and believes and thereon alleges that a defendant, A'GACI, LLC. ("A'GACI"), is a corporation and existing under the laws of the State of Texas, with its principal place of business in San Antonio, Texas, 78249.

7. Plaintiff is informed and believes and thereon alleges that Defendant A'GACI has several retail outlets in California. Plaintiff is informed and believes and thereon alleges that Defendant A'GACI is in the business of selling garments through various retail stores in California, and through its website at https://www.agacistore.com.

8. Plaintiff is informed, believes, and thereon alleges that a defendant, CEMI CERI CORP. ("CEMI CERI"), is a corporation incorporated and existing under the laws of the State of California with its principal place of business in Los Angeles, California 90037.

9. Plaintiff is informed, believes, and thereon alleges that Defendant CEMI CERI is a wholesale manufacturer selling at various tradeshows, at their showroom in downtown Los Angeles, and sells to various retail stores such as Defendant A'GACI.

10. Plaintiff is informed, believes, and thereon alleges that a defendant, ANTIQUE BRUSH ("ANTIQUE BRUSH"), is a sole-proprietorship and has a principal place of business in Huntington Park, California 90255.

11. Plaintiff is informed, believes, and thereon alleges that Defendant ANTIQUE BRUSH is a print shop in the business of printing designs onto merchandise such as clothing.

## The Plaintiff's Copyrights

12. Plaintiff is the owner of all copyrights in a design entitled "Dreamer, V1191" (referred to as "Subject Design"). Ms. Eun Young Yu, the author had assigned the full and complete rights to the copyrights of the Subject Design to Vintage Point (Plaintiff's D/B/A.), via a written assignment. Exhibit A.

13. Plaintiff has acquired, by assignment, all rights to Subject Design (V1191) attested by the Copyright Registration number VA 1-951-125. Exhibit A. The Subject Design contains materials wholly original to the respective authors, and they are copyrightable subject matter under the laws of the United States. Also shown in Exhibit A.

14. Plaintiff has shown the Subject Design to many customers and business associates for the use of the Subject Designs for a fee and/or imprinted the Subject Design on garments for sale throughout the United States, specifically sold Subject Design, including but not limited to the greater Los Angeles area.

**The Defendant A'GACI's Infringing Activities**

15. Plaintiff found an unauthorized and unlicensed copy of the garment having a design that is substantially similar to Subject Design ("Infringing Garment") sold on Defendant A'GACI's website. Exhibit B.

16. Plaintiff has not licensed the Subject Design to Defendant A'GACI and Plaintiff has not sold any garments with the Subject Design to Defendant A'GACI.

17. Based on information and belief, Plaintiff alleges that Defendant A'GACI must have knowingly, willfully, and wantonly ordered, purchased, or manufactured infringing copies of the Subject Design from an unlicensed third party when Defendant A'GACI found the Subject Design to be popular.

18. Based on information and belief, Plaintiff alleges that Defendant A'GACI infringement of the Plaintiff's copyright is, if not found to be willful, then at least in gross negligence.

**The Defendant CEMI CERI's Infringing Activities**

19. Paragraphs 1-18 are incorporated herein by reference.

20. Plaintiff is informed and believes that Defendant CEMI CERI sold allegedly Infringing Garments to Defendant A'GACI, revealed by Defendant A'GACI.

21. Based on information and belief, Plaintiff alleges that Defendant CEMI CERI knowingly, willfully, and wantonly ordered, purchased, imprinted, and manufactured infringing copies of Subject Design when CEMI CERI realized that Subject Design was popular.

22. Based on information and belief, Plaintiff alleges that the attempts by Defendant CEMI CERI to hide its willful nature of infringement are highlighted by using what appears to be an exact copy of Subject Design, except for changing the color of the design to gold ink, altering direction of a few of the leaves, and adding the dots between the feathers and flower petals in the bottom portion of the design.

### The Defendant ANTIQUE BRUSH's Infringing Activities

23. Paragraphs 1-22 are incorporated herein by reference.

24. Plaintiff is informed and believes that Defendant ANTIQUE BRUSH printed and/or sold allegedly Infringing Garments to Defendant CEMI CERI, revealed by Defendant CEMI CERI.

25. Based on information and belief, Plaintiff alleges that Defendant ANTIQUE BRUSH knowingly, willfully, and wantonly manufactured, purchased, and imprinted infringing copies of Subject Design when ANTIQUE BRUSH realized that Subject Design was popular.

26. Based on information and belief, Plaintiff alleges that the attempts by Defendant ANTIQUE BRUSH to hide its willful nature of infringement are highlighted by using what appears to be an exact copy of Subject Design, except for changing the color of the design to gold ink, altering direction of a few of the leaves, and adding the dots between the feathers and flower petals in the bottom portion of the design.

**The Defendant DOES' Infringing Activities – Subject Designs**

27. Paragraphs 1-26 are incorporated herein by reference.

28. Plaintiff is informed and believes and thereon alleges that defendants, DOES 1 through 10, inclusive, created, assembled, distributed, manufactured and/or sold garments comprised of garments printed with the derivative work of one or more Plaintiff's copyrighted Subject Designs (as hereinafter defined) or that have otherwise contributed to the infringement of one or more Plaintiff's copyrighted Subject Designs. The true name and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

29. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants, including without limitation the DOE Defendants, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of agency affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §101 ET SEQ.

(Against All Defendants and Each of Them)

30. Paragraphs 1-29 are incorporated herein by reference.

31. Based on information and belief, Plaintiff alleges that Defendant A'GACI had access to one or more of the Plaintiff's Subject Design, made one or more copies of the Subject Design, and then made and/or sold garments having one

or more substantially similar, if not identical, derivative work of the Plaintiff's Subject Design.

32. Moreover, based on information and belief, Plaintiff alleges that Defendant A'GACI fully knew or had a reason to know that Subject Design was Plaintiff's copyrighted property and that Defendant A'GACI may not reproduce, copy, or create derivative works on the Subject Designs without Plaintiff's consent, as attested by the Defendant A'GACI's use of either the identical design or a substantially similar design.

33. Furthermore, based on information and belief, Plaintiff alleges that Defendant A'GACI fully knew or had a reason to know that purchasing, distributing, and selling Infringing Garments would infringe on Plaintiff's copyright when Defendant purchased the identical, if not identical, substantially similar, Infringing Garments from a third party, such as Defendant CEMI CERI.

34. Based on information and belief, Plaintiff alleges that by engaging in the above referenced conduct, Defendant A'GACI has acted in willful disregard of laws protecting Plaintiff's copyright.

35. Based on information and belief, Plaintiff alleges that Defendant CEMI CERI had access to one or more of the Plaintiff's Subject Design, printed, made, or purchased one or more copies of the Subject Design, and then distributed and/or

sold Infringing Garments having one or more substantially similar, if not identical, derivative work of the Plaintiff's Subject Design.

36. Moreover, based on information and belief, Plaintiff alleges that Defendant CEMI CERI fully knew or had a reason to know that Subject Design was Plaintiff's copyrighted property and that Defendant CEMI CERI may not reproduce, copy, or create derivative works on the Subject Designs without Plaintiff's consent.

37. In fact, based on information and belief, Plaintiff alleges that Defendant CEMI CERI attempted to willfully hide the copyright infringement as attested by the Defendant CEMI CERI's use of the identical design, but for changing the color of the design to gold ink, altering direction of a few of the leaves, and adding the dots between the feathers and flower petals in the bottom portion of the design.

38. Based on information and belief, Plaintiff alleges that by engaging in the above referenced conduct, Defendant CEMI CERI has acted in willful disregard, or in gross negligence, or laws protecting Plaintiff's copyright.

39. Based on information and belief, Plaintiff alleges that Defendant ANTIQUE BRUSH had access to one or more of the Plaintiff's Subject Design, printed, made, or purchased one or more copies of the Subject Design, and then distributed and/or sold Infringing Garments having one or more substantially similar, if not identical, derivative work of the Plaintiff's Subject Design.

40. Moreover, based on information and belief, Plaintiff alleges that Defendant ANTIQUE BRUSH fully knew or had a reason to know that Subject Design was Plaintiff's copyrighted property and that Defendant ANTIQUE BRUSH may not reproduce, copy, or create derivative works on the Subject Designs without Plaintiff's consent.

41. In fact, based on information and belief, Plaintiff alleges that Defendant ANTIQUE BRUSH attempted to willfully hide the copyright infringement as attested by the Defendant ANTIQUE BRUSH's use of the identical design, but for changing the color of the design to gold ink, altering direction of a few of the leaves, and adding the dots between the feathers and flower petals in the bottom portion of the design.

42. Furthermore, based on information and belief, Plaintiff alleges that Defendant ANTIQUE BRUSH fully knew or had a reason to know that purchasing, distributing, and selling Infringing Garments would infringe on Plaintiff's copyright when Defendant sold the identical, if not identical, substantially similar, Infringing Garments to a third party, such as Defendant CEMI CERI.

43. Based on information and belief, Plaintiff alleges that by engaging in the above referenced conduct, Defendant ANTIQUE BRUSH has acted in willful disregard, or in gross negligence, or laws protecting Plaintiff's copyright.

44. Based on information and belief, Plaintiff alleges that by engaging in the above referenced conduct, each of Defendants DOES has acted in willful disregard of laws protecting Plaintiff's copyright.

45. Based on information and belief, Plaintiff alleges that Defendants, and each of them, if not directly liable for infringement of Plaintiff's copyrights, are also liable for contributory infringement because each Defendant knew or should have known of the direct infringement and assisted or encouraged the infringement.

46. Based on information and belief, Plaintiff alleges that Defendants, and each of them, if not directly liable for infringement of Plaintiff's copyrights, are also vicariously liable for the subject infringements because each Defendant enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity.

47. Based on information and belief, Plaintiff alleges that Defendants' acts of copyright infringement have caused Plaintiff to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of its rights.

48. Based on information and belief, Plaintiff alleges that as a direct result of the acts of copyright infringement, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for their infringement of Plaintiff's copyrighted Subject Design. Plaintiff is entitled to

disgorgement of each Defendant's profits directly and indirectly attributable to said Defendants' infringement of the Subject Design.

49. Based on information and belief, Plaintiff alleges that, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, and their respective agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

2. That Plaintiff be awarded Defendants' all profits plus all losses of Plaintiff as a result of the foregoing infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

4. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

5. For pre-judgment interest as allowed by law;

6. For the costs of this action; and

7. For such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable in this action pursuant to F.R.C.P. 38.

Dated: April 12, 2016         PARK LAW FIRM


                              By: _/s/John K. Park/_____
                                  John K. Park
                                  Attorney for Plaintiff